IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NISBET, INC., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | No. SA-14-CV-00469-RP |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION, and CARDELL | § | |
| CABINETRY, LLC, | § | |
| | § | |
| DEFENDANTS | § | |

## ORDER

Before the Court are Defendant Wells Fargo Bank, National Association's Second Motion to Dismiss with Prejudice, filed on November 3, 2014 (Clerk's Dkt. #43); Plaintiff Nisbet, Inc.'s Response to Wellls Fargo Bank, National Association's Second Motion to Dismiss with Prejudice and Alternatively Motion for Leave to Amend, filed on November 17, 2014 (Clerk's Dkt. #47); and Defendant Wellls Fargo Bank, National Association's Combined Reply in Support of Second Motion to Dismiss with Prejudice and Response to Motion for Leave to File an Amended Complaint, filed on December 24, 2014 (Clerk's Dkt. #49).  After reviewing the parties' pleadings and the relevant case law, as well as the entire case file, the Court issues the following Order.

## I. Background

Plaintiff Nisbet, Inc. ("Nisbet"), an Ohio corporation, distributed products for Defendant Cardell Cabinetry, LLC ("Cardell"), a now-defunct cabinet manufacturer currently in bankruptcy. At the time Cardell ceased operations, Nisbet still owed Cardell certain sums of money for inventory already purchased and received but not yet paid for (the "Nisbet Accounts Receivable").

Cardell defaulted on certain of its obligations under a senior secured credit facility with Wells Fargo Bank, National Association ("Wells Fargo").  Wells Fargo filed a motion in the 116th Judicial District Court of Dallas County, Texas (the "Receivership Court") seeking the appointment

of a receiver to take control of and liquidate as necessary the collateral securing said credit facility, which collateral includes, among other things, accounts receivable due and owing to Cardell. On April 28, 2013, the Receivership Court granted Wells Fargo's motion and appointed Howard Marc Spector to serve as temporary receiver for Cardell (Mr. Spector shall be referred to herein as the "Receiver").[1]

Cardell subsequently entered bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code, triggering an automatic stay of proceedings against Cardell.[2] The United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court") lifted the automatic stay as to the Receiver, allowing him to continue efforts to collect the collateral securing Wells Fargo's credit facility, including the Nisbet Accounts Receivable. The Receiver's attempts to recover these accounts from Nisbet have been unsuccessful.

Alleging Cardell delivered defective and nonconforming products, Nisbet filed this lawsuit in Ohio state court against Cardell and Wells Fargo. The action was removed by Defendants to the United States District Court for the Southern District of Ohio, Western Division, and then subsequently transferred to this Court. The Receiver intervened in the lawsuit.

The Bankruptcy Court modified the automatic stay of proceedings against Cardell so as to allow this lawsuit to go forward. In its *Order Granting Nisbet, Inc. Certain Relief from Automatic Stay under 11 U.S.C. § 362(d)(1)* issued on September 19, 2014, the Bankruptcy Court modified the stay with respect to this proceeding for the limited purpose of permitting Nisbet to "assert any and all affirmative defenses (including recoupment and offset) based on alleged breaches of contract or breaches of warranties by Cardell . . . or other defenses to any claims by the Receiver.

---

[1] *See Agreed Order Immediately Appointing Temporary Receiver over Cardell Cabinetry, LLC, Granting Writs of Attachment, Temporary Restraining Order, and Ordering Turnover of Collateral to the Receiver* dated August 28, 2013 in Cause Number DC-13-09777: *Wells Fargo Bank, National Association v. Cardell Cabinetry, LLC and H.I.G. Cardell Acquisition, Inc.*

[2] *In Re Cordell Cabinetry, LLC*, No. 13-53117 (Bankr. W.D. Tex. Filed Nov. 13, 2013); *See* 11 U.S.C. § 362.

. ." The Bankruptcy Court goes on to state "Nisbet, Inc. is not authorized to enforce or pursue any type of relief or judgment against Cardell or Cardell's property, or property of the bankruptcy estate, without further order of this Court."

In its First Amended Complaint, Nisbet asserts claims against Cardell and Wells Fargo for unjust enrichment, breach of contract, breach of express warranty and breach of implied warranty of merchantability, and seeks a judgment declaring what amounts, if any, are due and owing to Cardell from Nisbet. Arguing that its role as a secured creditor does not render it liable for claims Nisbet may have against Cardell, Wells Fargo has moved to dismiss Nisbet's claims against it for failure to state a claim upon which relief can be granted.

## II. Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to

legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 678-79.  Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679.  Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

### III. DISCUSSION

As a preliminary matter, the claims Nisbet asserts in this lawsuit are in fact defensive in nature.  Nisbet's Response to Wells Fargo's Second Motion to Dismiss states as follows:

> "Nisbet is asserting claims for offset and recoupment by way of its claims against Wells Fargo for breach of contract, unjust enrichment and breach of warranties. Nisbet concedes that it is only asserting claims against Wells Fargo in order to reduce, nullify or eliminate any payment by Nisbet to Wells Fargo on the invoices at issue.  Nisbet does not seek damages from Wells Fargo or the Receiver over and above the invoiced amounts by Cardell."

Counsel for Nisbet confirmed to the Court at a status conference held in this matter on March 9, 2015 that Nisbet's claims in this lawsuit are for offset and recoupment only, which is in accordance with the Bankruptcy Court's modification of the stay.  Therefore, it is for this Court to determine what amounts, if any, are due and owing from Nisbet to Cardell on the Nisbet Accounts Receivable.

Nisbet named Wells Fargo, Cardell's senior secured creditor, as a defendant in this action. Wells Fargo seeks to be dismissed pursuant to Rule 12(b)(6).  Nisbet argues Wells Fargo, as the assignee of the Nisbet Accounts Receivable, is a necessary party to the litigation.

Nisbet does not allege Wells Fargo was in any way involved in Cardell's business

operations or a party to the transactions underlying this suit.  Rather, Nisbet argues that the assignment of the Nisbet Accounts Receivable to Wells Fargo places Wells Fargo in the same position as Cardell with respect to said account debt and the liability relating thereto.

The existence of a security interest alone does not "subject a secured party to liability in contract or tort for the debtor's acts or omissions."  TEX. BUS. & COMM. CODE § 9.402.  However, in instances where there has been an assignment of account debt, the rights of the assignee are subject to any defenses or claim in recoupment the account debtor may have against the assignor. TEX. BUS. & COMM. CODE § 9.404(a).  The claims of an account debtor against an assignor may be asserted against the assignee to reduce the amount the account debtor owes.  TEX. BUS. & COMM. CODE § 9.404(b).

Wells Fargo asserts it is merely a senior creditor with a secured interest in the Nisbet Accounts Receivable.  Nisbet contends Wells Fargo is also the assignee of said account debt and its rights are therefore subject to Nisbet's defenses and claim in recoupment against Cardell. Nisbet submits as support for this contention the demand letter dated September 27, 2013 sent to Nisbet by the Receiver, a copy of which is attached to Plaintiff's First Amended Complaint as Exhibit B.

In this letter, the Receiver demands payment on behalf of Wells Fargo, which is identified as Cardell's senior secured creditor and the assignee of the account debt in question.  The Receiver states repeatedly, and in no uncertain terms, that the accounts due and owing to Cardell were assigned to Wells Fargo.  For example, the heading of the letter reads "Re: Demand for Payment of Accounts due and owing to Cardell, LLC . . . and assigned to Wells Fargo Bank, National Association . . .."  Another example, an underlined sentence in the letter warning "please note that since your accounts were assigned to Wells Fargo, if you make your payments to any other party . . . you will be liable to pay such amounts twice."

This Court must take as true Nisbet's allegation that Wells Fargo is the assignee of the

Nisbet Accounts Receivable. As an assignee, Wells Fargo's rights are subject to Nesbit's defenses and claim of recoupment against Cardell, the assignor. Nisbet may assert against Wells Fargo any claims it has against Cardell, including a claim for unjust enrichment, that reduces the amount of account debt due and owing on the Nisbet Accounts Receivable.

Moreover, as an assignee, Wells Fargo is a necessary party to the litigation. Federal Rule of Civil Procedure 19(a) provides in relevant part:

> "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Nisbet argues Wells Fargo's interest as the assignee of the Nisbet Accounts Receivable is such that dismissing Wells Fargo from this lawsuit could subject Nisbet to inconsistent obligations. In theory, Wells Fargo could still assert its rights as assignee of the debt even after judgment is entered in this action. Nisbet has declined to accept Wells Fargo's assurances it will be bound by the judgment in this lawsuit. Therefore, to ensure Nisbet is not exposed to potentially inconsistent obligations, it is necessary that Wells Fargo remain a party to this litigation.

Taking as true Nisbet's contention the Nisbet Accounts Receivable were assigned to Wells Fargo, this Court finds Nisbet has stated claims against Wells Fargo for which relief can be granted and, accordingly, Wells Fargo's Second Motion to Dismiss pursuant to Rule 12(b)(6) should be denied.

In its response in opposition to Wells Fargo's Second Motion to Dismiss, Nisbet alternatively moves for leave to amend its First Amended Complaint. In light of the foregoing decision, this Court need not consider such motion and it is properly dismissed as moot.

**IT IS HEREBY ORDERED** that Defendant Wells Fargo Bank, National Association's Second Motion to Dismiss with Prejudice (Clerk's Dkt. #43) is **DENIED**.

Accordingly, **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Clerk's Dkt. #47) is hereby **DISMISSED AS MOOT**.

**SIGNED** on March 26, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE